**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:03-CR-00486 |
| Plaintiff, | : | |
| | : | JUDGE JOHN R. ADAMS |
| v. | : | |
| | : | **SUPPLEMENT TO DEFENDANT'S** |
| TAMIR ABDULLAH, | : | **MOTION TO REDUCE SENTENCE** |
| | : | **UNDER SECTION 404 OF THE** |
| Defendant. | : | **FIRST STEP ACT** |

Section 404 of the First Step Act of 2018, enacted on December 21, 2018, independently authorizes a district court to impose a reduced sentence for crack-cocaine convictions imposed before the Fair Sentencing Act reduced the statutory penalties for those offenses. Mr. Abdullah has moved the Court to reduce his sentence from life to no more than 324 months in prison. This memorandum supplements his motion, explaining why he is eligible for relief and why, based on changes in community standards and his exemplary post-sentencing conduct, the Court should exercise its discretion to reduce his sentence.

## I.   Procedural History

Tamir Abdullah was convicted at trial of: (1) conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack), violating 21 U.S.C. §§ 841(b)(1)(A) and 846; and (2) possessing with intent to distribute approximately 20.8 grams of cocaine base (crack), violating 21 U.S.C. §§ 841(b)(1)(B). In a separate specification, the jury found him responsible for more than 500 grams, but less than 1.5 kilograms of crack cocaine. Because he was convicted under 21 U.S.C. § 841(b)(1)(A), his statutory sentencing range was 10 years to life in prison, but because he had two prior felony drug convictions, the statutory penalty was increased to mandatory life in prison. On December 17, 2004, the Court imposed a mandatory life sentence.

## II.     Mr. Abdullah is eligible for relief under the First Step Act.

On January 24, 2019, the Office of the Federal Public Defender was appointed to represent all inmates potentially eligible for relief under the First Step Act of 2018. *See* General Order No. 2019-4 (N.D. Ohio). Under Section 404 of the First Step Act, courts may reduce sentences for any prisoner still serving a sentence for a crack-cocaine offense if the statutory penalties for that offense have since been reduced by the Fair Sentencing Act.

The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." *See* First Step Act, Title IV, Sec. 404(a). And it allows "[a] court that imposed a sentence for a covered offense" to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.*, Section 404(b).

The Fair Sentencing Act of 2010 modified the statutory penalties for crack-cocaine offenses. Before 2010, 21 U.S.C. §§ 841(b)(1)(A)(iii) provided for a sentencing range of 10 years to life in prison and five years of supervised release if the person was indicted and convicted of an offense involving 50 grams or more of crack cocaine, with possible enhancement to 20 years to life and ten years of supervised release with a prior felony drug conviction, or mandatory life with two prior felony drug convictions. 21 U.S.C. § 841(b)(1)(A) (2004). Section 2 of the Fair Sentencing Act altered the statutory sentencing range so that those penalties applied only where the person was indicted and convicted of an offense involved 280 grams or more of crack cocaine. *See* Fair Sentencing Act of 2010, Pub. Law No. 111-220; 124 Stat. 2372. For offenses involving only "50 grams or more," the statutory sentencing range is 5 to 40 years in prison, or 10 years to life in prison with a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(B).

Mr. Abdullah is eligible for relief under the First Step Act. He was indicted and convicted of violating 21 U.S.C. § 841(b)(1)(A)(iii), which is a "covered offense" because its statutory penalties were modified by section 2 of the First Step Act. He was indicted and convicted of conspiring to possess with intent to distribute more than 50 grams of cocaine base, which at the time violated section 841(b)(1)(A). Under the penalties modified by the Fair Sentencing Act, though, an indictment and conviction for conspiring to possess with intent to distribute more than 50 grams of cocaine violates section 841(b)(1)(B), not (b)(1)(A). With two prior felony drug convictions, rather than a mandatory life sentence under section 841(b)(1)(A), his statutory sentencing range would be 10 years to life under section 841(b)(1)(B).

Although the jury found in a separate specification that Mr. Abdullah was responsible for more than 500 grams of crack cocaine, that does not make him ineligible under the First Step Act, because he was indicted and convicted only of conspiring to possess with intent to distribute more than 50 grams of cocaine. The majority of courts across the country have held that the proper analysis focuses on the offense of conviction, and not on the actual drug quantity. *See United States v. Boulding,* 379 F. Supp. 3d 646, 652 (W.D. Mich. 2019) ("Quantity is simply not part of the statutory test for eligibility under the First Step Act. Eligibility turns entirely on the categorical nature of the prior conviction."); *United States v. Rose,* 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019) (rejecting government's argument "that the Court should assess eligibility on the basis of Defendants' actual conduct, rather than the statute of conviction"); *United States v. Thompson,* No. 05-42, 2019 U.S. Dist. LEXIS 145696, at *23 (W.D. Pa. Aug. 27, 2019) (noting that contrary approach would "effectuate a post-conviction amendment to the indictment); *United States v. Davis,* No. 07-

CR-245, 2019 U.S. Dist. LEXIS, at *5-*7 (W.D.N.Y. Mar. 6, 2019) ("[I]t is the statute of conviction, not the actual conduct, that controls eligibility under the First Step Act.") (reducing sentence despite plea allocution indicating that offense involved more than 1.5 kilograms of crack cocaine);

>As one court explained succinctly:
>
>[I]n determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; it should refrain from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.

*United States v. Pierre,* 372 F. Supp. 3d 17, 22 (D.R.I. 2019); *see also Rose*, 379 F. Supp. 3d at 230 (collecting cases)

The language of the First Step Act supports the majority rule. Courts interpret the language of criminal statutes consistent with the principles of "ordinary English grammar" and rules of usage. *Flores-Figueroa v. United States,* 556 U.S. 646, 652 (2006). Thus, courts cannot "divorce a noun from the modifier next to it without some extraordinary reason." *Id.* Applying the principles of ordinary English grammar and rules of usage, most courts have found that the First Step Act's dependent clause—"the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010"—modifies the closest noun phrase "Federal criminal statute" and not the most distant noun "violation." *Rose* 379 F. Supp. 3d at 228. By doing so, Congress "ma[de] clear that eligibility is determined by the statute(s) underlying the defendant's conviction and penalty, not the defendant's offense conduct." *Id.*

**III.	The Court should reduce Mr. Abdullah's sentence to 324 months in prison and eight years of supervised release.**

When resentencing Mr. Abdullah without the no-longer-applicable mandatory life sentence, the Court should sentence him to 324 months in prison and eight years of supervised release. This sentence reflects what his guidelines range would be under current law, which is consistent with changed community standards and with Mr. Abdullah's exemplary post-sentencing conduct.

First, changed community standards show that Mr. Abdullah's current sentence is greater than necessary to satisfy the purposes of sentencing. If Mr. Abdullah committed the same offense today, his base offense level based on the drug amount would be 30, and with the same PSR enhancements, his total offense level would be 36. *See* Dkt. 784, Motion to Reduce Sentence. With a criminal history category of VI, his guidelines range would be 324 to 405 years in prison.

Moreover, if he committed the same offense today, his prior drug offenses would not subject him to an enhanced statutory sentencing range under 21 U.S.C. §§ 841(b)(1)(B) and 851, because his prior drug offenses were not punishable by a prison term of ten years or more and so were not "serious drug felonies." *See* 21 U.S.C. § 841(b)(1)(B) (2019) (providing for enhanced statutory penalties where a defendant has a prior "serious drug felony); 21 U.S.C. § 802(57) (2019) (defining "serious drug felony" as "an offense described in section 924(e)(2) of title 18," with other limitations); 18 U.S.C. § 924(e)(2) (2019) (requiring that an offense carry "a maximum term of imprisonment of ten years or more"). Without the enhanced statutory sentencing range, Mr. Abdullah's maximum sentence would be 40 years in prison, not life in prison. *See* 21 U.S.C. § 841(b)(1)(B) (2019). To be clear: Mr. Abdullah is not asking the Court to hold that the section 851 enhancements do not apply as a matter of law, and thus Mr. Abdullah concedes that his mandatory supervised-release term is eight years. Rather, he asks that the Court to consider that

changes in the law reflect changed community standards regarding the appropriate sentence for his offense, and reduce his sentence accordingly.

Second, the Court should exercise its authority to impose a reduced sentence in light of Abdullah's post-sentencing conduct. Despite his life sentence, he has worked hard to rehabilitate himself. His supplement to his motion to reduce sentence outlines the programs he has completed and his exemplary conduct while incarcerated. *See* Dkt. 785, Supplement.

Under the First Step Act, the Court has the authority to impose a reduced sentence. Because of Mr. Abdullah's substantial rehabilitation while in prison, there is no reason to maintain his original sentence in the face of changed community standards that would yield a lower sentence today. The Court should exercise its authority to resentence him to 324 months in prison and eight years of supervised release.

## IV. Conclusion

Mr. Abdullah requests that this Court issue an order imposing a reduced sentence of no more than 324 months in prison and eight years of supervised release.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar No.: 0051928

*/s/ Christian Grostic*
CHRISTIAN GROSTIC
Ohio Bar No.: 0084734
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, OH 44113
Telephone: (216) 522-4856
E-mail: christian_grostic@fd.org

*Attorney for Tamir Abdullah*