IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:03CR486 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| TAMIR ABDULLAH, | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR |
| Defendant. | ) | <u>SENTENCE REDUCTION</u> |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Robert F. Corts[1], Assistant United States Attorney, and responds in opposition to Defendant Tamir Abdullah's request for sentence reduction. Defendant is ineligible for relief under the First Step Act of 2018 because the offense involved over 500 grams of cocaine base ("crack") and continues to be punishable under 21 U.S.C. § 841(b)(1)(A).

**I.     BACKGROUND**

Following a jury trial, Defendant was convicted of conspiracy to possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) (Count 1); and possession with the intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 3). (R. 301: Superseding Indictment, PageID 904-11; R. 366: Verdict, PageID 1124-29; R. 368: Verdict, PageID 1233-34). The superseding indictment specified that in Count 1 Defendant conspired to distribute and possess with intent to distribute 1.5 kilograms or more of cocaine base ("crack"). (R. 301: Superseding Indictment,

---

[1] Assistant United States Attorney Robert F. Corts is making an appearance for purposes of this motion only.

PageID 910). The jury found a lesser quantity as to Defendant, and determined he conspired to possess and distribute between 500 grams and 1.5 kilograms of cocaine base ("crack"). (R. 366: Verdict, PageID 1124-29). Defendant was subject to a minimum term of life imprisonment as to Count 1 and to a minimum term of 10 years imprisonment as to Count 3 based on his prior felony drug convictions. (R. 318: Information, PageID 948-51).

Based on the jury's finding that Defendant's offense conduct involved over 500 grams but less than 1.5 kilograms of cocaine base ("crack"), the resulting base offense level under U.S.S.G. § 2D1.1 was 36. (R. 366: Verdict Form, PageID 1225; R. N/A: Presentence Report, p. 8). As charged in the superseding indictment, Defendant was subject to a four-level enhancement for role in the offense and a two-level enhancement for obstruction of justice. (R. 301: Superseding Indictment, PageID 908-09; R. N/A: Presentence Report, p. 8). Defendant was classified as a career offender under U.S.S.G. § 4B1.1. (R. 301: Superseding Indictment, PageID 909; R. N/A: Presentence Report, pp. 8-9). At Criminal History Category VI, total offense level 42, the resulting Guidelines range was 360 months to life imprisonment. (R. N/A: Presentence Report, p. 17). Thereafter, this Court sentenced Defendant to life without release as to Count 1 and to 10 years as to Count 3, to run concurrently. (R. 448: Judgment, PageID 1518-23). The Sixth Circuit affirmed Defendant's conviction and sentence. *United States v. Caver*, 470 F.3d 220 (6th Cir. 2006).

Presently before this Court is Defendant's request for a sentence reduction under the First Step Act of 2018 ("2018 First Step Act"). (R. 784: Motion, PageID 3622-44; R. 785: Supplement, PageID 3645-51; R. 790: Supplement, PageID 3664-69).

**II.    LAW AND ARGUMENT**

On December 21, 2018, the 2018 First Step Act was signed into law. First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. Section 404 of the 2018 First Step Act makes retroactive

2

the portions of the Fair Sentencing Act of 2010 ("2010 Fair Sentencing Act") that previously increased the threshold quantities triggering different statutory penalties for certain offenses involving cocaine base ("crack"). First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222.

The 2010 Fair Sentencing Act was enacted on August 3, 2010, Public Law 111–220; 124 Stat. 2372; it did not apply retroactively. Initially, there was uncertainty about whether the changes in that Act applied to defendants who committed their offenses before August 3, 2010, but were sentenced after that date. In *Dorsey v. United States*, 567 U.S. 260 (2012), the Supreme Court held that the Act applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred.

The 2018 First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." It authorizes courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(c) further provides:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222.

Before the 2010 Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(A)(iii) provided for a sentencing range of 10 years to life when the offense involved "50 grams or more" of crack cocaine. If the defendant had a prior felony drug conviction and the government filed a notice

under 21 U.S.C. § 851, the sentencing range increased to a mandatory minimum of 20 years to life imprisonment, and the penalty increased further to mandatory life imprisonment if the defendant had two prior felony drug convictions that the government identified in a Section 851 notice.  In addition, Section 841(b)(1)(B)(iii) provided for a sentencing range of 5 to 40 years when the offense involved "5 grams or more" but less than 50 grams of crack cocaine, and could be enhanced to a mandatory minimum of 10 years to life if the defendant had a prior felony drug conviction that the government identified in a Section 851 notice.  Section 841(b)(1)(C) provided for a sentencing range of up to 20 years if the offense involved less than 5 grams or an unspecified amount of crack cocaine; the statutory maximum increased to 30 years with a prior felony drug conviction.  *See generally* 21 U.S.C. § 841 (1996).

Section 2 of the 2010 Fair Sentencing Act increased the threshold quantities triggering the different statutory penalties under 21 U.S.C. § 841(b)(1).  As a result of that Act, Section 841(b)(1)(A)(iii) increased the amount of crack cocaine to qualify for a sentencing range of 10 years to life from offenses involving at least 50 grams to offenses involving "280 grams or more" of crack cocaine; offenses involving that new, higher threshold continued to be eligible for enhancement to 20 years to life with a prior felony drug conviction, and for mandatory life with two prior felony drug convictions.  Under the Act, Section 841(b)(1)(B)(iii) increased the amount of cocaine to qualify for a sentencing range of 5 to 40 years from offenses involving at least 5 grams of crack cocaine to  offenses involving "28 grams or more" but less than 280 grams of crack cocaine, with possible enhancement to a mandatory minimum of 10 years to life imprisonment for defendants with a prior felony drug conviction.  Finally, the Act modified Section 841(b)(1)(C) to provide for a sentencing range of up to 20 years imprisonment when the offense involves less than 28 grams or an unspecified amount of crack cocaine, with possible

enhancement to up to 30 years imprisonment with a prior felony drug conviction. *See generally* 21 U.S.C. § 841(b) (2010). As previously mentioned, under the terms of the 2010 Fair Sentencing Act, these changed applied only to defendants who were sentenced after August 3, 2010.

At issue here is whether Defendant is eligible for relief under the First Step Act. Defendant argues he is eligible. The government's position is that Defendant is not eligible for relief under the First Step Act because the record confirms the quantity involved in the offense satisfies the higher thresholds of the 2010 Fair Sentencing Act—that is, more than 280 grams— which continues to be subject to punishment under Section 841(b)(1)(A). Because of Defendant's two prior felony drug convictions, he remains subject to a mandatory term of life imprisonment.

Defendant admits that the record confirms that the quantity involved in the offense was over 500 grams of cocaine base ("crack") (S*ee* R. 790: Supplement, PageID 3666), satisfying the higher thresholds of the 2010 Fair Sentencing Act. He claims that he is eligible for relief because he was only charged with conspiring to possess and distribute 50 grams of cocaine base ("crack"). (*Id.*). His argument fails to acknowledge or address that, in this case, there was a specification in the superseding indictment as to the drug quantity in Count 1. The superseding indictment charged:

> Specification No. 5: Drug Quantities (Count 1)
>
> The Grand Jury finds that TAMIR ABDULLAH, CALVIN CAVER, aka C, and FRED CLOUD, did conspire with others to distribute and possess with intent to distribute 1.5 kilograms or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), Schedule II narcotic drug controlled substance.

5

(R. 301: Superseding Indictment, PageID 910). Ignoring that the superseding indictment specifies a quantity well above 280 grams of cocaine base ("crack"), Defendant argues he is eligible for relief because he violated a *statute* for which the penalties were modified by the 2010 Fair Sentencing Act. The government opposes this interpretation of the 2018 First Step Act and instead takes the view that Defendant committed a *violation* for which the statutory penalties have not been modified. The government does not believe it necessary to fully develop its opposition on this point given both that the indictment specifies a quantity well above 280 grams of cocaine base ("crack") and that the jury determined the offense involved more than 500 grams of cocaine base ("crack"); however, the government will do so at the Court's request.[2]

## III. CONCLUSION

In sum, because the offense continues to be punishable under Section 841(b)(1)(A), the government respectfully requests that this Court deny Defendant's request for a reduced sentence under the 2018 First Step Act.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Robert F. Corts
Robert F. Corts (OH: 0041432)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3957
(216) 522-7499 (facsimile)
Robert.Corts@usdoj.gov

---

[2] Similarly, because the government believes the record establishes Defendant is not eligible for relief, the government has not responded to Defendant's arguments for a reduced sentence. In the event that this Court disagrees and determines Defendant is eligible, the government reserves the right to address Defendant's claims.

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Robert F. Corts
Robert F. Corts
Assistant U.S. Attorney