**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:03-CR-00486 |
| Plaintiff, | : | |
| | : | JUDGE JOHN R. ADAMS |
| v. | : | |
| | : | **REPLY IN SUPPORT OF** |
| TAMIR ABDULLAH, | : | **DEFENDANT'S MOTION TO REDUCE** |
| | : | **SENTENCE UNDER SECTION 404 OF** |
| Defendant. | : | **THE FIRST STEP ACT** |

Under the First Step Act, a defendant is eligible for relief if they committed a "covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act, Title IV, Sec. 404(a). The government concedes that Tamir Abdullah violated a statue for which the penalties were modified by the Fair Sentencing Act. But it argues that he is ineligible for relief, because it "takes the view that Defendant committed a *violation* for which the statutory penalties have not been modified," based on the drug amount involved in the offense. Gov't Opp'n at 6 (emphasis in original).

Mr. Abdullah's eligibility thus turns on whether the second statutory clause ("the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act") modifies "violation," as the government contends, or "Federal criminal statute," as Mr. Abdullah's contends.

The government cites no authority for its interpretation of the First Step Act, and courts have considered and rejected it. The government's view "doesn't comport with the ordinary meaning of the statute." *United States v. Jackson*, No. 19-20346, 2019 U.S. App. LEXIS 37126, *5 (5th Cir. Dec. 16, 2019). As the Fifth Circuit explained:

> First, "[a] general rule of statutory interpretation is that modifiers attach to the closest noun; courts should not interpret statutes in such a way as to 'divorce a

1

noun from the modifier next to it without some extraordinary reason.'" *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (quoting *Lopez v. Gonzales*, 549 U.S. 47, 56, 127 S. Ct. 625, 166 L. Ed. 2d 462 (2006)). The penalties clause appears closer to "Federal criminal statute" than to "violation," so it modifies the former.

Second, the use of the past tense—"were modified"—in the penalties clause "confirms that the clause was intended to modify 'statute,' not 'violation.'" *United States v. Rose*, 379 F. Supp. 3d 223, 229 (S.D.N.Y. 2019). The Fair Sentencing Act wasn't retroactive when first passed, so it couldn't "have 'modified' any penalties imposed for violations 'committed before August 3, 2010.'" *Id.* (quoting FSA, § 404(a)). Instead, "the only 'statutory penalties' that the Fair Sentencing Act could have modified were the crack-cocaine penalties provided in the Controlled Substances Act" itself. *Id.*

Finally, the penalties clause refers to "*statutory* penalties." FSA, § 404(a) (emphasis added). The word "statutory" isn't superfluous; instead, it makes doubly clear that Congress intended to refer only to the *statute* under which the defendant was convicted. *See Hohn v. United States*, 524 U.S. 236, 249, 118 S. Ct. 1969, 141 L. Ed. 2d 242 (1998) ("We are reluctant to adopt a construction making another statutory provision superfluous.").

*Id.* at *6-*7. Thus, the court concluded, "whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted," *id.* at *7, and not on the drug amount involved in the offense.

No circuit has adopted the government's interpretation. And in addition to the Fifth Circuit, district courts across the country—including in this circuit—have agreed with Mr. Abdullah's position. *See United States v. Boulding*, 379 F. Supp. 3d 646, 652 (W.D. Mich. 2019); Abdullah Mot. at 3-4 (collecting cases).

Mr. Abdullah is thus eligible for relief under the First Step Act, and for the reasons explained in his motion and supplements, asks this Court to impose a reduced sentence of no more than 324 months in prison and eight years of supervised release.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar No.: 0051928

*/s/ Christian Grostic*
CHRISTIAN GROSTIC
Ohio Bar No.: 0084734
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, OH 44113
Telephone: (216) 522-4856
E-mail: christian_grostic@fd.org

*Attorney for Tamir Abdullah*